IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | | |
|---|---|---|
| MICHAEL JACKSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 11-3116-SSA-CV-S-MJW |
| | ) | |
| MICHAEL J. ASTRUE, Commissioner, | ) | |
| Social Security Administration, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER**

Plaintiff Michael Jay Jackson seeks judicial review,[1] of a final administrative decision denying plaintiff Supplemental Security Income (SSI) benefits under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381 *et seq*. Section 1631(c)(3) of the Act and 42 U.S.C. § 1383(c)(3) provide for judicial review of a final decision of the Commissioner of the Social Security Administration under Title XVI.

The parties' briefs are fully submitted, and an oral argument was held on January 31, 2012. The complete facts and arguments are presented in the parties' briefs and will not be repeated here.

Plaintiff was born in November 1955 and was 52 years old at his alleged onset date. His earning records show he has never worked at a level considered substantial gainful activity and, therefore, has no past relevant work. Plaintiff filed his application for SSI on November 20, 2007. His application was denied initially on March 17, 2008. Thereafter, plaintiff filed a written request for hearing, which was held on October 28, 2009. On December 1, 2009, the Administrative Law Judge (ALJ) issued a decision, finding that plaintiff has not been under a disability as defined in the Social Security Act. The Appeals Council denied plaintiff's request for review.

---

[1]With the consent of the parties, this case was assigned to the United States Magistrate Judge, pursuant to the provisions of 28 U.S.C. § 636(c).

**Standard of Review**

The Eighth Circuit has set forth the standard for the federal courts' judicial review of denial of benefits, as follows:

> Our role on review is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. Substantial evidence is less than a preponderance, but is enough that a reasonable mind would find it adequate to support the Commissioner's conclusion. In determining whether existing evidence is substantial, we consider evidence that detracts from the Commissioner's decision as well as evidence that supports it. As long as substantial evidence in the record supports the Commissioner's decision, we may not reverse it because substantial evidence exists in the record that would have supported a contrary outcome or because we would have decided the case differently.

Baker v. Barnhart, 457 F.3d 882, 892 (8th Cir. 2006).

The claimant has the initial burden of establishing the existence of a disability as defined by 42 U.S.C. § 423(d)(1). See Roth v. Shalala, 45 F.3d 279, 282 (8th Cir. 1995). To meet the statutory definition, "the claimant must show (1) that he has a medically determinable physical or mental impairment which will either last for at least twelve months or result in death, (2) that he is unable to engage in any substantial gainful activity, and (3) that this inability is the result of his impairment." McMillian v. Schweiker, 697 F.2d 215, 220 (8th Cir. 1983).

When reviewing the record to determine if there is substantial evidence to support the administrative decision, the court considers the educational background, work history and present age of the claimant; subjective complaints of pain or other impairments; claimant's description of physical activities and capabilities; the medical opinions given by treating and examining physicians; the corroboration by third parties of claimant's impairments; and the testimony of vocational experts when based upon proper hypothetical questions that fairly set forth the claimant's impairments. McMillian, 697 F.2d at 221.

**Discussion**

Here the ALJ found that plaintiff has not engaged in substantial gainful activity since his application date November 20, 2007. The ALJ found plaintiff had the following severe impairments: generalized degenerative joint disease, degenerative disc disease (alternatively diagnosed as spondylosis and history of arthralgia), chronic obstructive pulmonary disease, and

obesity. The ALJ also found plaintiff had nonsevere impairments of insomnia, bakers' cyst, history of rotator cuff impairment, alleged vision problems, and depression. The ALJ found that plaintiff did not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. After review of the entire record, giving consideration to each of plaintiff's alleged impairments, the ALJ determined plaintiff had the residual functional capacity (RFC) to perform light work. However, to accommodate plaintiff's impairments, the ALJ set forth limitations within the light work level. Specifically, the ALJ set forth the following work limitations: no climbing of or exposure to significant, unprotected heights; no potentially dangerous and/or unguarded moving machinery, or commercial driving; no exposure to extreme vibration; no use of foot controls with right lower extremity; and no work involving customer service as part of the job duties or job description. The ALJ also set forth that plaintiff's work provide an even surface on which to stand or walk; a climate-controlled environment reasonably free of noxious fumes, dust, smoke or lint; access to and the use of inhalers as needed that would not require leaving the workstation; work limited to only simple, repetitive instructions. With the assistance of a vocational expert, the ALJ determined that, despite the additional limitations imposed by plaintiff's impairments, there were significant numbers of jobs in the national economy at the light, exertional level that plaintiff could perform. Specifically, the vocational expert testified that given all these factors, plaintiff would be able to perform the requirements of representative occupations, such as small products assembler and mail clerk, which exist in significant numbers in the national economy.

      Plaintiff alleges the ALJ's decision was in error because it was not supported by substantial evidence in the record as a whole. Specifically, plaintiff argues that the ALJ failed to (1) properly determine that plaintiff's depression was a severe impairment; (2) give controlling weight to the opinion of the treating physician, Dr. Powell; and (3) properly determine plaintiff's RFC. Plaintiff seeks this Court to reverse the Commissioner's determination and grant plaintiff SSI benefits.

      The Commissioner argues that (1) the ALJ properly analyzed the severity of plaintiff's impairments, including plaintiff's depression; (2) it is questionable whether Dr. Powell qualifies as a treating physician, and moreover, that Dr. Powell's extreme limitations set forth in her

opinion were inconsistent with the evidence of record; and (3) the ALJ properly formulated plaintiff's RFC.

Upon review, this Court finds the ALJ did not err in her determination that plaintiff's depression was a nonsevere impairment. At step 2, it is plaintiff's burden to establish the severity of his impairments. 20 C.F.R. § 416.920(a)(4)(ii), Kirby v. Astrue, 500 F.3d 705, 707 (8th Cir. 2007). In determining that plaintiff's mental impairments were not severe, the ALJ properly considered the four functional areas set forth in the regulations, 20 C.F.R. § 416.920a. Further, the ALJ properly noted that plaintiff's allegation of depression as an impairment was not made in his original application for disability.

This Court also finds the ALJ did not err in giving little weight to the opinion of Dr. Powell. This is because Dr. Powell's opinion was inconsistent with the record as a whole. The Eighth Circuit has specifically held that a treating physician's opinion does not automatically control in the face of other credible evidence on the record that detracts from that opinion. Brown v. Astrue, 611 F.3d 941, 951 (8th Cir. 2010). Here the ALJ properly evaluated the evidence in the record which showed that the extreme limitations outlined by Dr. Powell were inconsistent with plaintiff's minimal and conservative medical treatment, mild medical findings, and plaintiff's poor work history. Moreover, it is unclear from the medical records whether Dr. Powell was even a treating physician as outlined by Social Security regulations. See 20 C.F.R. § 416.927(c)(2).

Finally, the Court finds that the ALJ did not err in determining plaintiff's RFC. As set forth above, the ALJ did not err in determining plaintiff's depression was nonsevere, and therefore, there was no error in not imposing significant restrictions on plaintiff's RFC based on his alleged depression.

As to plaintiff's argument that the ALJ's RFC determination is not supported by a specific medical opinion, this argument is without merit. The ALJ is not required to rely entirely on a particular physician's opinion or choose between the opinion of any of the claimant's physicians. Martise v. Astrue, 641 F.3d 909, 927 (8th Cir. 2011).

Plaintiff's argument that a consultive medical examination should have been ordered is also without merit. A consultive medical examination is required only when the evidence as a

4

whole is not sufficient to support a decision on a claim. 20 C.F.R. § 416.919a(b). The regulations state that the plaintiff is responsible for providing medical evidence to show he is disabled. 20 C.F.R. §§ 404.152(b). Here there is no indication the ALJ was unable to assess plaintiff's impairments. The ALJ found there was sufficient evidence in the record as a whole to support her decision. The ALJ made no reference to an incomplete or insufficiently developed record, but rather, simply finds that the evidence of record does not support plaintiff's claims. The ALJ properly considered the lack of medical evidence to be the result of plaintiff's own decisions in not seeking medical treatment. While the medical record in this case is very limited, this goes to the credibility of plaintiff's alleged severe impairments, and not to a failure to adequately develop the record. Plaintiff's argument that he did not have access to health care treatment is not supported by the evidence.

The ALJ also properly considered other relevant evidence, in addition to plaintiff's medical records, in determining plaintiff's RFC. See Tucker v. Barnhart, 363 F.3d 781, 783 (8th Cir. 2004). Specifically, the ALJ properly considered plaintiff's very poor work history. While plaintiff reports that before his impairments he was steadily employed, his earnings record indicates he has never worked at a level considered substantial gainful activity. An ALJ is proper in discussing the reasons for determining that a claimant's complaints as to the severity of his impairments weren't entirely credible. See Polaski v. Heckler, 739 F.2d 1320 (8th Cir. 1984). See also Baldwin v. Barnhart, 349 F.3d 549, 557 (8th Cir. 2003) (credibility questions concerning claimant's subjective complaints are primarily for the ALJ to decide and not the reviewing court).

Finally, the ALJ properly incorporated into the RFC the limitations resulting from plaintiff's credible impairments.

## Conclusion

The ALJ did not err in determining plaintiff was not disabled as defined by the Social Security Act. There is substantial evidence in the record to support the decision of the ALJ.

IT IS, THEREFORE, ORDERED that the decision of Commissioner is affirmed and this case is closed.

5

Dated this 8th day of May, 2012, at Jefferson City, Missouri.

/s/ *Matt J. Whitworth*

MATT J. WHITWORTH
United States Magistrate Judge